IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EULA MACK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-10-4881 |
| | § | |
| JOHN L. WORTHAM & SON, L.P., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND OPINION

The plaintiff, Eula Mack, filed a *pro se* suit under Title VII and other statutes, alleging employment discrimination. Mack asks this court to appoint counsel for her. (Docket Entry No. 4). Title 42 U.S.C. § 2000e-5(f)(1) provides for appointment of counsel in Title VII suits "in such circumstances as the court may deem just." A district court should consider "(1) the merits of the plaintiff's claims of discrimination; (2) the efforts taken by the plaintiff to obtain counsel; and (3) the plaintiff's financial ability to retain counsel." *Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990) (citing *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977)). No one factor is conclusive. *Id.*

Although "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers," *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. Unit A Feb. 1981), the pleadings do not provide sufficient information about the merits of the complaint to warrant the appointment of counsel. Indeed, the pleadings provide some basis for concern that the statute of limitations may bar or significantly reduce this court's ability even to analyze the claims on the merits. In addition, the plaintiff has filed pleadings that demonstrate an ability to present her claims

and arguments clearly and effectively. While the Fifth Circuit has not specifically enumerated this consideration as one of the factors to be considered in Title VII appointment cases as opposed to § 1983 appointment of counsel cases, *see Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982), other circuits consider the plaintiff's ability to present his case in Title VII suits. *See, e.g., Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003); *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992); *Hunter v. Dep't of Air Force Agency*, 846 F.2d 1314, 1317 (11th Cir. 1988), and this circuit has recently noted this case law. *See Buesgens v. Snow*, 169 F. App'x 869, 871 (5th Cir. 2006) (per curiam) (summary calendar) (unpublished).

The motion for attorney representation is denied on the present record.

SIGNED on January 25, 2011, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge